STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of  Independent      }      Docket No. 16-1-02 Vtec
Wireless One Leased Realty         }
Corp                               }
                                   }
                                   }

Decision and Order on Pending Motions

Appellant-Applicant is represented by Craig Weatherly, Esq., Robert F. O' Neill, Esq. and
Andrew D. Manitsky, Esq.; a group of Neighbors is represented by Gerald R. Tarrant, Esq.; and
the Town of Hartford is represented by Kimberlee Sturtevant, Esq.

The Town has moved for reconsideration of or to alter or amend the judgment, arguing first that
the condition imposed by the Court' s decision to leave the windmill assembly on the windmill is
a substantially different application that should be remanded to the ZBA. However, nothing
about Appellant-Applicant' s application was changed by this condition, and it does not require
remand to the ZBA. Rather, the condition was imposed by the Court in response to the testimony
by the Town' s and the Neighbors' witnesses, reflected in the Court' s findings that:

The existing windmill is a dominant visual feature of the neighborhood . . . It draws the eye
within the landscape. With the windmill blade assembly, it fits within the character of a rural
area. Like a silo or a church steeple, it is compatible with the appearance of an agricultural and
residential landscape, even though it is a dominant feature of that landscape. Without the
windmill blade assembly, it would have the appearance of a utility tower, more or less obtrusive
depending upon what antenna assemblies or wires it would be supporting. Without the windmill
blade assembly, it would ' read' to the viewer as a commercial 'cell phone' or other broadcasting
type of tower rather than as an agricultural or ' clean energy' rural residential use.

The Town also argues that the ZBA's consideration of this application was predicated on the
existence of another application by Devon Mobile Communications to place antennas on this
same tower. That application is also on appeal to this Court, but has been stayed indefinitely
since August of 2002 due to Devon' s bankruptcy proceedings. However, the two applications
were independent of one another, and the site plans clearly showed that the more substantial
compound and buildings and the need for the removal of the windmill assembly were shown by
this applicant only due to the existence of the then-prior Devon application. If and when the
Devon application proceeds in this Court, it will also be reviewed on its own merits, and does not
require the reconsideration or remand of the present appeal to the ZBA.

The Neighbors move the Court to reconsider its decision and also to reopen the evidence. They
argue that IWO refused to consider alternative locations proposed by the Neighbors, and that
therefore the Court " never had a chance to determine if this would be the least intrusive site for
telecommunications facilities." However, the Town' s zoning ordinance under which the

application was considered does not provide for the consideration of alternative sites; it is not a site-selection ordinance that would allow the evaluation of alternative sites. Rather, due to the timing of the application relative to the adoption of the Town's new telecommunication ordinance, it was considered as a conditional use to be added to this particular existing windmill tower. The Town is free to adopt an ordinance regulating telecommunications towers that requires the evaluation of alternative sites or that establishes a site-selection procedure, that would be applicable to future applications.

The Neighbors argue that this is an expansion to a non-conforming use. It is not. The windmill and its tower was approved[1] in 1983 under the Town's ordinance as an accessory residential renewable energy use, with a height exemption or variance. (Also see 24 V.S.A. § 4409(e)). The present application is to add a single panel antenna, 8½ inches wide and 5½ feet long, on one leg of that existing structure, with its associated cables and ground cabinets.

It is important to focus on the fact that the current application was approved in the decision as a conditional use only on the existing windmill tower and only with the retention of the windmill assembly. The Neighbors argue that this approval opens the door to more providers and more equipment being located on this tower, or to the rural residential neighborhood's becoming an "expanding commercial center." There is no basis for this argument. Rather, quite to the contrary, without the windmill assembly even the existing windmill tower would not meet the conditional use standards, as it would adversely affect the character of the neighborhood, which the decision found to be rural residential and agricultural in character. In fact, this decision suggests that any other application for this site involving the removal of the windmill assembly or the replacement of the windmill tower with a stronger structure, if it were considered under the old conditional use standards[2], would necessarily have to be denied.

The Neighbors also argue that the Court adopted the Appellant-Applicant's assertions regarding the need for this facility to fill a gap in coverage. The decision did not do so. It considered the proposal only on its own merits as a conditional use and did not make any ruling as to the need for this facility.

The Neighbors are correct that the federal Telecommunications Act of 1996 precludes this Court's consideration of the health impacts of the electromagnetic radiation from this use. The Court takes no position on the Neighbors comments on the consequences of this federal policy; it is simply beyond the jurisdiction of this Court.

Dated at Barre, Vermont, this 5th day of May, 2003.


_____
Merideth Wright
Environmental Judge

## Footnotes

1.    Albeit through the so-called 'deemed approval' process.

2.    Of course, any new applications would have to be considered instead under the telecommunications ordinance.